## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA COLEMAN<br>5450 Wissahickon Avenue, A1122<br>Philadelphia, PA 19144<br><br>      Plaintiff,<br><br>      v.<br><br>COMMUNITY BEHAVIORAL HEALTH<br>801 Market Street<br>Philadelphia, PA 19107<br>    and<br>KIMBERLY DOYLE<br>801 Market Street<br>Philadelphia, PA 19107<br>    and<br>ANDREW DEVOS<br>801 Market Street<br>Philadelphia, PA 19107<br><br>      Defendants. | CIVIL ACTION<br><br>Docket No.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Dianna Coleman (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Community Behavioral Health, Kimberly Doyle, and Andrew Devos (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42

U.S.C. § 1981).[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. Any state claims amended herein or included would be proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3.  This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants herein as well.

## PARTIES

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Plaintiff has filed racial discrimination and retaliation claims under the Pennsylvania Human Relations Act ("PHRA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff intends to amend her Complaint to include claims pending before the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") once such claims are fully and administratively exhausted. These claims will <u>identically mirror</u> claims already filed herein (with no separate distinctions in allegations). This footnote is included for notice purposes only.

6. Plaintiff is an adult female residing at the above-captioned address.

7. Community Behavioral Health ("Defendant CBH") is non-profit 501(c) entity incorporated in the Commonwealth of Pennsylvania. Defendant CBH provides planning, coordination and delivery of mental health and substance abuse treatment services to the uninsured, underinsured and Medicaid-eligible residents throughout the greater Philadelphia region. Defendant CBH contracts with the City of Philadelphia to provide such serves through several hundred employees.

8. Kimberly Doyle ("Defendant Doyle") was at all relevant times (and upon information and belief remains) the Director of Provider Operations within Defendant CBH.

9. Andrew Devos ("Defendant Devos") was at all relevant times (and upon information and belief remains) the Chief Program Officer within Defendant CBH.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is an African-American (black) female.

13. Plaintiff was hired by Defendant CBH on or about January 27, 2020; and in total, Plaintiff was employed with Defendant CBH for approximately one (1) month until being abruptly terminated (as discussed *infra*).

14. While in the employ of Defendant CBH, Plaintiff was supervised by Defendant Doyle (Director of Provider Operations). Defendant Doyle was supervised by Defendant Devos

(Chief Program Officer). Defendants Doyle and Devos are both Caucasian (and non-black), like much of the professional staff that surrounded Plaintiff.

15. During her short tenure, Plaintiff solely held the position of Manager for the Provider Network Management Team. Plaintiff was highly-qualified the role.

16. Plaintiff is a very accomplished professional with a strong work history and substantial level of experience in her field. Plaintiff felt very strongly that during her short tenure, she was being treated disparately based upon race – so much so – that Plaintiff was compelled to raise such concerns despite the appearance or consequences it may have with her being *a relatively new* (management-level) employee.

17. In her 1-month of employment, Plaintiff had observed and experienced the following:

(A) Plaintiff had been told by Defendant Doyle not to wear jeans in the workplace despite that numerous other non-black employees / supervisors regularly appeared in jeans (or less professional attire) and despite that she hadn't worn jeans (further being admonished as to general dress policies unlike others);

(B) Plaintiff was admonished for eating in the workplace by Defendant Doyle despite that Plaintiff had no food, prompting Defendant Doyle to acknowledge same and warn her nonetheless. But Plaintiff observed other (non-black) supervisory staff actually eat during meetings in the presence of Defendant Doyle without admonishment or deterrent;

(C) Plaintiff discussed the potential for various training or orientation of her in light of her new hire on certain protocols of Defendant CBH (or even some basic explanations), but Plaintiff had been largely ignored with such a request and other requests contrary to Defendant Doyle's willingness to assist others;

(D) Plaintiff experienced a very unprofessional demeanor and a level of contempt towards her by Defendant Doyle (even upon hire), contrary to her demeanor and actions towards other non-black employees (such that Plaintiff felt Defendant Doyle was virtually repulsed by her);

(E) Plaintiff was not even permitted to have basic managerial information about or concerning her employees (inclusive of her own staff's schedule) unlike other management personnel; and

  (F) Defendants' management tolerated insensitive potentially racial-discriminatory commentary. Just by way of example, a nearly all-Caucasian professional team was joking and laughing about placing a new treatment facility near a prison to increase business income so the inmates could just walk across the street easier. Most of the people requiring treatment were African-American, and the nearly all-Caucasian management team were engaging in insensitive jokes about such racial rehabilitation needs.

18. The above examples of disparate treatment are not intended to be an exhaustive list, but rather, just that – a series of examples of mistreatment that would give any reasonable African-American pause and concern for racially disparate treatment.

19. Between the timeframe of February 20th and February 21st, Plaintiff explicitly referenced "racial concerns" and "discrimination" to Defendant Doyle. In <u>no uncertain terms</u>, Plaintiff informed Defendant Doyle that: (a) she believed she had been experiencing "racial mistreatment;" and (b) she felt there had been inappropriate racial inequity and comments in the workplace. Plaintiff made it clear in at least 2 separate verbal concerns to Defendant Doyle that Plaintiff believed she was personally experiencing racial discrimination.

20. Plaintiff had not been interviewed or directly hired by Defendant Doyle, and Defendant Doyle had an immense (noticeable) distaste for Plaintiff upon commencement of Plaintiff's employment. Based upon differing treatment and unwarranted animosity, Plaintiff could not help but feel there were racial motivations for such negativity.

21. Plaintiff was told by Defendant Doyle that there would be a meeting during the following week (the week starting on or about February 25, 2020) to address Plaintiff's workplace and discrimination concerns. However, no such meeting took place. Instead, Plaintiff was informed she was terminated (abruptly) on or about February 25, 2020.

22. Upon termination, Plaintiff was only told by Defendant Doyle: (a) you are "at will;" (b) you are "not a good fit;" and (c) Defendant Devos agrees with her decision to terminate Plaintiff.

23. The discriminatory and retaliatory decision makers in Plaintiff's termination from employment were Defendants Doyle and Devos.

**Count I**
**Violations of 42 U.S.C. § 1981**
**(Racial Discrimination & Retaliation – Wrongful Termination)**

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff's termination from employment due to her race and/or complaints of racial discrimination constitutes violations of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

  D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

  E. Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

           Respectfully submitted,

           **KARPF, KARPF & CERUTTI, P.C.**

     By: _____
        Ari R. Karpf, Esq.
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: January 6, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Dianna Coleman              :       CIVIL ACTION

v.

Community Behavioral Health, et al.    :       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/6/2021 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5450 Wissahickon Avenue, A1122, Philadelphia, PA 19144

Address of Defendant: 801 Market Strreet, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/6/2021   _____ *Attorney-at-Law / Pro Se Plaintiff*   ARK2484 / 91538 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/6/2021   _____ *Attorney-at-Law / Pro Se Plaintiff*   ARK2484 / 91538 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COLEMAN, DIANNA

**DEFENDANTS**
COMMUNITY BEHAVIORAL HEALTH, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"Section 1981" - 42 U.S.C. § 1981

Brief description of cause:
Violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/6/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____